**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DARRELL RICHARD, JR.; DARRELL RICHARD, SR.; MAURICE JOHNSON; ELVESTER MILLER; MARSHALL WILLIAMS; ERNEST FRANKLIN JR.; JONAS STOKES; HAROLD T. GRAY; CHARLES JOHNSON; MELVIN G. BROOM,,<br><br>Plaintiffs,<br><br>v.<br><br>TRENDWEST, INC., a California incorporation licensed to do business in Washington; TOM FRIEBERGER; KEITH McCAULEY; MICHAEL WAGONER; LYLE GREOGOR; ROB JOHNSON; DARRELL CRAFT, BRIANE MOORE,,<br><br>Defendants. | **Case No.** C02-5648 JKA<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

THIS MATTER comes before the court on defendant Tom Freyberger's motion for a protective order preventing plaintiffs from taking his second deposition. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

Defendant alleges that the purpose of the deposition is to explore Freyberger's ability to respond to a judgment, if one is entered, and not germane to the issue of liability. Plaintiff suggests defendant Freyberger has engaged in the fraudulent conveyance of assets to protect the defendant from paying any damages awarded in this litigation. This position is prompted by the testimony of a co-defendant that (1) Freyberger is the "alter

ego" of Trendwest, Inc. (a named defendant) and Trendwest Woodworking, Inc (an unnamed defendant); (2) Freyberger bankrupted Trendwest, Inc., reopening his business in the name of Trendwest Woodworking, Inc.; and (3) Freyberger transferred/sold the assets of Trendwest, Inc., to Trendwest Woodworking, Inc., and/or a long time employee, Yim Wong.  Plaintiff suggests that this  new information may lead to additional responsible parties and that defendant Freyberger should not be allowed "to avoid liability by moving his assets from one corporation to another."  Defendant correctly asserts that the alleged activity would be more relevant to plaintiffs ability to execute on a  judgment, than to the  determination of liability.  Nothing asserted by plaintiff suggests that the manipulation or fraudulent transfer of assets (if discovered) would impose liability against any yet unnamed parties for racial discrimination, harassment, or retaliation.  Notwithstanding the foregoing, this order should not be construed to suggest that the entry of judgment against the named defendants would preclude attempts by plaintiff to pierce the corporate veil, search for an "alter ego" or track assets to unnamed third parties if there was a substantiated showing of a fraudulent conveyance.

**Accordingly, defendant Freyberger's motion for a protective order is granted.**

May 9, 2005

   /s/ J. Kelley Arnold
United States Magistrate Judge