**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DARRELL RICHARD, JR.; DARRELL RICHARD, SR.; MAURICE JOHNSON; ELVESTER MILLER; MARSHALL WILLIAMS; ERNEST FRANKLIN JR.; JONAS STOKES; HAROLD T. GRAY; CHARLES JOHNSON; MELVIN G. BROOM; DARRELL B. WARREN and CARL RAY JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>TRENDWEST, INC., a California incorporation licensed to do business in Washington; TOM FRIEBERGER; KEITH McCAULEY; MICHAEL WAGONER; LYLE GREGOR; ROB JOHNSON; DARRELL CRAFT; BRIANE MOORE,<br><br>Defendants. | **Case No.** C02-5648 JKA<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES |

THIS MATTER comes before the court on plaintiffs' motion to strike affirmative defenses. The court has reviewed all materials submitted in support of and in response to said motion, as well as the files and records herein.

Specifically plaintiff asks the court to strike the following affirmative defenses: (1) Qualified Immunity; (2) Industrial Insurance Act (IIA); and (3) Supplemental Jurisdiction over state law claims. Defendant responds that these are not affirmative defenses but rather issues upon which plaintiff has the

ORDER
Page - 1

burden of proof.  Interestingly, in defendants amended answer on behalf of defendant Freyberger, qualified immunity is listed as an affirmative defense.  While the answer gives notice that defendants may add or delete affirmative defenses as the case progresses, they have not chosen to do as of the filing of this motion. Defendant offers little else of substance by way of defense to the motion, other than *Snyder v. Medical Serv. Corp. Of Eastern Washington* 98 Wash App. 315 (2001), which supports defendant's contention that the burden of establishing plaintiffs' claims are not covered by the IIA rests with the plaintiffs.

With regard to plaintiffs state law claims, the court takes judicial notice of it's authority to exercise supplemental jurisdiction.

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Plaintiffs' Motion to strike defendant's affirmative defenses of Qualified Immunity and Supplemental Jurisdiction is GRANTED**.

2. **Plaintiffs' Motion to strike defendant's affirmative defense under the Industrial Insurance Act is DENIED.**

May 12, 2005.

   /s/ J. Kelley Arnold   
United States Magistrate Judge