**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DARRELL RICHARD, JR.; DARRELL RICHARD, SR.; MAURICE JOHNSON; ELVESTER MILLER; MARSHALL WILLIAMS; ERNEST FRANKLIN, JR.; JONAS STOKES; HAROLD T. GRAY; CHARLES JOHNSON; MELVIN G. BROOM; DARRELL B. WARREN and CARL RAY JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>TRENDWEST, INC., a California incorporation licensed to do business in Washington; TOM FRIEBERGER; KEITH McCAULEY; MICHAEL WAGONER; LYLE GREGOR; ROB JOHNSON; DARRELL CRAFT; BRIANE MOORE,<br><br>Defendants. | **Case No.** C02-5648 JKA<br><br>ORDER DENYING DEFENDANT TOM FREYBERGER'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the court on the Motion of Tom Freyberger for Summary Judgment. Defendant seeks dismissal of all State and Federal claims. The court has considered all materials submitted in support of and in response to said motion. At the outset it should be noted that on July 1, 2003, this court entered an order vacating an earlier order granting defendants' motion for summary judgment. Again on June 14, 2004, the court denied a motion for summary judgment filed on behalf of defendants Freyberger and McCauley.

ORDER
Page - 1

Defendant's Motion is based on the following:

- Lack of Service of Initial and/or Amended Complaints
- "Stray verbal remark" insufficient to create individual liability
- Statute of Limitations

**1. Service**. Defendant Freyberger alleges that he was never served with the complaint/amended complaint(s). A Notice of Appearance was filed by attorney William Cameron on behalf of Freyberger on December 23rd, 2002 (reserving the right to challenge jurisdiction or improper service). Thereafter an "Acceptance of Service" dated December 6th, 2002 was filed on January 21st, 2003. The Acceptance of Service document was prepared on pleading paper from the plaintiff's firm suggesting an attempt to clarify the issue of service, specifically stating that it was for "<u>all</u>" the defendants. The document further stated that counsel had the authority from each defendant to appear (with the exception of Briane Moore whose name was specifically crossed out and initialed by attorney Cameron). The foregoing clearly suggests that Mr. Cameron had the express authority to appear for Freyberger, and that if there was any doubt he would have crossed out Freyberger's name, just as he did the name of Briane Moore. The fact that plaintiffs have not submitted an affidavit from Mr. Cameron stating he acted without authority is of no import. As an officer of the court, an attorney's appearance speaks for itself. In his motion to withdraw as counsel for defendants, Mr. Cameron never suggested there was any question with regard to his authority to act on defendant Freyberger's behalf. Although he acknowledged he did not have a signed retainer agreement with Freyberger, he was clear that he had maintained contact with him through his California attorney. **Defendant Freyberger's Motion for Summary Judgment based on lack of service is denied.**

**2. Stray Verbal Remark defense.** Defendant Freyberger asserts that the only evidence to support plaintiffs' claims against him is a "stray" verbal remark alleged to have been made in January of 1999, and that the remark, if true, is insufficient to create liability as a matter of law. Plaintiffs correctly characterize this

position as a motion for reconsideration. The court has earlier denied a motion for summary judgment made by Freyberger's former counsel (See Order Re: Defendants' Motion for Summary Judgment filed June 14, 2004). **Defendant Freyberger's "stray remark"  Motion for Summary Judgment is denied.**

    **3. Statute of Limitations**. This defense appears to be based on the January 1999 remark attributed to  Freyberger, which if true would be more than three years prior to filing the complaint. The applicable statute of limitations is three years. As referenced above, however, the court has already ruled in the order of June 14, 2004 that Freyberger's liability could be predicated on his ongoing knowledge of the plaintiff's treatment at the Tacoma plant and his alleged failure to remedy the situation. **Defendant's Motion for Summary Judgment based on the Statute of Limitations is denied.**

    Defendant Frieberger seeks dismissal of plaintiffs' state law claims on the basis that RCW 49.60 is duplicative of plaintiffs' tort claims. The court will reserve judgment on this issue, until the evidence has been presented. Should the court determine the matters to be duplicative,  the jury instructions and verdict form will be formulated in such a manner as to appropriately narrow the juries focus during deliberations.

     Defendant suggests  there is insufficient evidence to support a "tort of outrage" claim. In order to prevail plaintiff must prove (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) severe emotional distress on the part of plaintiff(s). Should the fact finder accept the allegations of plaintiffs as true, and find that defendant Freyberger could have and should have abated the conduct, but failed to do so, a reasonable mind could conclude plaintiffs have met their burden to substantiate an outrage claim. **Defendant's Motion to Dismiss the State Law Claims is denied without prejudice to renew at the end of plaintiffs' case.**

May 31, 2005

          */s/ J. Kelley Arnold*
J. Kelley Arnold, U.S. Magistrate Judge